BEA, Circuit Judge,
concurring:
I join the majority as to Parts 2-4 of the memorandum disposition. I concur in the result as to Part 1, but on different grounds.
The relevant criminal section, 18 U.S.C. § 2251A(a), provides:
(a) Any parent, legal guardian, or other person having custody or control of a minor who sells or otherwise transfers custody or control of such minor, or offers to sell or otherwise transfer custody of such minor either—
(1) with knowledge that, as a consequence of the sale or transfer, the minor will be portrayed in a visual depiction engaging in, or assisting another person to engage in, sexually explicit conduct....
18 U.S.C. § 2251A(a). Similarly, 18 U.S.C. § 2251A(b) criminalizes the same conduct by the one who “purchases or otherwise obtains custody or control” of the minor.
The majority finds there was insufficient evidence that the sexually explicit visual images of J. were produced “as a consequence” of a transfer of custody or control. The majority holds that other interim conduct — namely, J.’s mother’s initiation of the sexually explicit photo shoot — prevented satisfaction of the “as a consequence” requirement. I disagree.
Webster’s dictionary defines “consequence” as “that which follows from any act, cause, principle, or series of actions; an event or effect produced by some preceding act or cause; a result.” Webster’s New Twentieth Century Dictionary of the English Language Unabridged (Jean L. McKechnie ed., 1979). The evidence in the record, viewed in the light most favorable to the prosecution, shows that both Harrod (in California) and LaBrecque (in Texas) knew that the sexually explicit photo shoot was intended; and thus, would be a consequence — or a result — of J.’s trip to Texas. As to Harrod: (1) Harrod informed J.’s mother, prior to the trip to Texas, that she was to conduct the photo shoot; and (2) Harrod told J.’s mother when the time was right to conduct the photo shoot. Based on this evidence, a rational jury could conclude both LaBrecque and Harrod knew *556 J.’s sexually explicit depiction would occur as a consequence of his trip to Texas. As to LaBrecque: (1) LaBrecque pointed out the location of the Polaroid camera to J.’s mother without being asked; (2) LaBrecque purchased the film for the camera; (3) LaBrecque made comments before and after the photo shoot[1] which led J. to believe LaBrecque knew about the photo shoot; and (4) it was LaBrecque’s home and he was the regional “patriarch.” Indeed, in Part 2, the majority finds there was sufficient evidence that “LaBrecque intended that one of the dominant purposes of the trip was criminal sexual activity involving J.” Memorandum Disposition at 3 (emphasis added). If LaBrecque intended that the photo shoot occur, he certainly knew it would be a consequence of J.’s trip to Texas.
I concur in the result as to Part 1, however, because I would hold Harrod did not “transfer,” and LaBrecque did not “obtain,” custody or control of J. The evidence shows there was, at most, a partial transfer of custody or control from Harrod to LaBrecque. J.’s mother was present in the LaBrecque house at all relevant times. At the time of the photo shoot, the evidence showed J.’s mother was the one in charge — J.’s mother ordered the participants upstairs into the bedroom and conducted the photo shoot. A father and mother, living together, normally have joint custody of their minor child. A father has not “transferred] custody or control” of his child when the mother is present and actively exercising custody and control over that child.
An examination of the preceding code section — 18 U.S.C. § 2251 — reinforces this conclusion. That section provides:
Any parent, legal guardian, or person having custody or control of a minor who knowingly pemits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing [child pornography] ....
18 U.S.C. § 2251(b) (emphasis added). “Knowing permission” is what occurred in this case. J. traveled with his mother to Texas, and those who had custody and control over him “knowingly permitted]” a sexually explicit photo shoot. Section 2251A, however, punishes an act which is much worse: a purchase, sale, or other transfer of a minor for purposes of producing child pornography. Id. § 2251A(a)-(b). Accordingly, § 2251A’s maximum punishment is life in prison, id. 2251A(c), while § 2251’s maximum punishment is 30 years in prison, id. 2251(e).
Therefore, I would hold that although LaBrecque and Harrod knew the sexually explicit photo shoot of J. would occur as a consequence of J.’s trip to Texas, J.’s mother’s exercise of custody and control over J. necessarily prevented a “transfer” of custody or control. For these reasons, I concur in the reversal of counts two and three.

. When J. was on his way upstairs for the photo shoot, LaBrecque told J. to "have fun.” J. did not remember the specific comment after the photo shoot, but testified that LaBrecque said something that caused J. to feel "scared” and to believe that LaBrecque "knew what was going on.”